**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| YORK TOWN I LLC, | ) | 3:26-CV-00419 (KAD) |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TAREK EL SHERIF, MARTIN | ) | |
| SCHRIMPFF, MICHAEL PACKER, | ) | |
| JUAN MANUEL ORDONEZ, NELSON | ) | |
| ORTIZ, and JOHN DOES 1–5, | ) | APRIL 29, 2026 |
| *Defendants*. | ) | |

## MOTION FOR COURT-ORDERED SERVICE ON FOREIGN DEFENDANTS
### [ECF No. 16]

Kari A. Dooley, United States District Judge:

Pending before the Court is Plaintiff York Town I LLC's ("Plaintiff" or "York Town") Motion for Court-Ordered Service on Foreign Defendants (the "Motion") (ECF No. 16). In the Motion, Plaintiff seeks alternative service on three Foreign Defendants pursuant to Fed. R. Civ. P. 4(f)(3). Specifically, Plaintiff seeks leave to effectuate formal service upon Defendants Martin Schrimpff ("Schrimpff"), believed to reside in Mexico, Spain, and/or Florida; and Nelson Ortiz ("Ortiz") and Tarek El Sherif ("El Sherif"), both believed to reside in Colombia (collectively, the "Colombia Defendants"); via email and mail service. ECF No. 16, at 1–2.

Plaintiff filed the Complaint on March 19, 2026. ECF No. 1. On April 7, 2026, Plaintiff filed an emergency motion for temporary restraining order ("TRO") and motion for preliminary injunction, seeking to enjoin the dissipation of certain assets in Defendants' possession. ECF No. 13. The Court denied Plaintiff's motion for TRO but scheduled a hearing on the motion for preliminary injunction for May 6, 2026. ECF No. 14. The Court further directed Plaintiff to effectuate service of the Complaint, summonses, and all documents related to the preliminary

1

injunction motion, upon all Defendants by April 22, 2026. ECF No. 14. This motion for alternative service followed.

Service on individuals outside of the United States is governed by Rule 4(f). Fed. R. Civ. P. 4(f). Rule 4(f)(3) provides that service on a foreign litigant may be effected "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3); *see Cleer LLC v. Stranger*, No. 3:24-CV-1496 (MPS), 2024 WL 4872157, at *2 (D. Conn. Nov. 22, 2024) (quotation omitted) ("The only limitations on Rule 4(f)(3) are that the means of service must be directed by the court and must not be prohibited by international agreement."). However, courts in this Circuit have generally required a plaintiff to meet a threshold showing that (1) the plaintiff has "reasonably attempted to effectuate service on the defendant[s]," and (2) the circumstances are such that warrant court intervention. *Shanghai Zhenglang Tech. Co. v. Mengku Tech. Co.*, No. 20-CV-5209 (JS), 2020 WL 13280555, at *1 (E.D.N.Y. Nov. 18, 2020) (alteration in original); *see also Halvorssen v. Simpson*, 328 F.R.D. 30, 34–35 (E.D.N.Y. 2018).

Finally, and most importantly, "any service ordered must also comport with Constitutional requirements of due process." *Halvorssen*, 328 F.R.D. at 34. "The Due Process Clause requires that the alternative means of service be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Noble Sec., Inc. v. Ingamar Co.*, No. 21-CV-1372 (MKB), 2021 WL 2012508, at *6 (E.D.N.Y. May 20, 2021) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).

### The Colombia Defendants

Plaintiff seeks to effectuate formal service upon Ortiz and El Sherif via email and mail service. The Court finds that Plaintiff are not entitled to either on the present record.

The Court's inquiry begins with the Hague Convention.[1]  Colombia, Mexico, and Spain are all signatories to the Hague Convention, *see* Mem. of Law, ECF No. 16-1, at 2 n.1, and thus, it is the Hague Convention that governs the Court's inquiry.  The Hague Convention requires all signatory nations to establish a "central authority" to receive requests for service of documents, but it also allows nations to "opt out" of alternative means of service specified in the Convention's articles.  *See Water Splash, Inc. v. Menon*, 581 U.S. 271, 275 (2017).  Specifically, Article 10 of the Hague Convention governs the mailing of judicial documents through "postal channels."  *See id.*  Articles 10(b) and 10(c), not at issue here, govern alternative means of service by and through judicial officers, whereas Article 10(a) permits service of judicial documents by mail, so long as the signatory nation does not object.  *See id.* at 284 ("[I]n cases governed by the Hague Service Convention, service by mail is permissible if two conditions are met: first, the receiving state has not objected to service by mail; and second, service by mail is authorized under otherwise-applicable law.").

As relevant to Ortiz and El Sherif, Colombia has only affirmatively objected to Articles 10(b) and 10(c), and it has not objected to Article 10(a).  *See* Mem. of Law at 4 & n.2.  Thus, mail service via "postal channels" in Colombia would be permitted.  Next, the Court must determine whether service via *email* to the Colombia Defendants would be permitted under the Hague Convention.  Although not cited by the Plaintiff (troubling in and of itself), the Second Circuit has recently addressed service by email under the Hague Convention.  *See generally Smart Study Co. v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164 (2d Cir. 2025).  The *Smart Study* court held that, because the Convention "create[s] a closed universe of simple and certain means of serving

---

[1] *See* The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638; *see also Statute of the Hague Conference on Private International Law*, HCCH, https://www.hcch.net/en/instruments/conventions/status-table/?cid=17 (last updated Mar. 21, 2024) (hereinafter "Convention Status Table").

3

parties in foreign countries," *id.* at 171 (quotation omitted), and the Convention therefore "pre-empts inconsistent methods of service wherever it applies," *id.* (quoting *Water Splash*, 581 U.S. at 273), "[e]mail service is one such 'inconsistent method[]' preempted by the Convention." *Id.* "Thus, where the Hague Convention applies, a defendant may only be served by one of the methods of service enumerated therein; and not by any alternative means, including, as relevant here, by email." *Foxmind Can. Enters. Ltd. v. Aproat*, No. 25-CV-5837 (JSR), 2026 WL 412645, at *1 (S.D.N.Y. Feb. 13, 2026); *see also Fox Corp. v. Media Deportes Mex., S. de R.L. de C.V.*, No. 25-CV-6703 (JSR), 2026 WL 438878, at *4–5 (S.D.N.Y. Feb. 17, 2026) (explaining impact of *Smart Study*). As a result, email service upon the Colombia Defendants is prohibited under the Second Circuit's holding in *Smart Study*.[2]

Having determined that no international agreement prohibits mail service upon the Colombia Defendants, the Court must next determine whether Plaintiff is entitled to such service. It is not. Plaintiff has not demonstrated that it has reasonably attempted to effectuate service on the Colombia Defendants under the Convention. Plaintiff certified that it emailed the Complaint, summonses, its pending motion for preliminary injunction, and supporting papers to Ortiz and El Sherif through known email addresses. Frost Decl., ECF No. 16-3, ¶ 2. Plaintiff requested that each Defendant indicate whether they are represented by counsel and advise whether they would

---

[2] As explained above, email service is prohibited on Hague Convention signatories *where the Hague Convention applies*. "However, and critically, the Hague Convention does not apply where the address of the person to be served with the document is not known." *Kelly Toys Holdings, LLC v. Top Dep't Store*, No. 22-CV-558 (PAE), 2022 WL 3701216, at *6 (S.D.N.Y. Aug. 26, 2022) (quotations omitted) (cleaned up). It is unclear from Plaintiff's submissions whether they know any of the Foreign Defendants' addresses: Plaintiff provides two residential addresses for Schrimpff, and a business address in Mexico for both El Sherif and Ortiz. ECF No. 16-4, at 2–3. But Plaintiff does not explain what efforts they have made, if any, to ascertain the Foreign Defendants' addresses. "Courts in this Circuit have found an address is 'not known' if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Kelly Toys*, 2022 WL 3701216, at *6 (quotation omitted). If Plaintiff wishes to argue that email service should be permitted under Rule 4(f)(3) because the Foreign Defendants' addresses are unknown, then it may make that showing with appropriate documentation and support in a renewed motion.

4

waive formal service and accept service of the Complaint by email. *Id.* The Foreign Defendants did not respond to any of Plaintiff's inquiries. *Id.* ¶ 4. However, Plaintiff has not indicated whether it has begun (or intends to begin) the process of formal service through Colombia's Central Authority, and if so, what the status of that process is. "This is fatal to Plaintiff's motion. Indeed, the Court is unable to identify a single instance in which a court in this Circuit granted a motion for alternative service pursuant to Rule 4(f)(3) where the plaintiff knew the defendant's address but did not take any steps to effectuate service, such as through the Convention." *Shanghai Zhenglang*, 2020 WL 13280555, at *2 (collecting cases).

Although Plaintiff argues that it is entitled to alternative service because the U.S. State Department estimates that service through Colombia's Central Authority typically requires 6 to 18 months, Mem. of Law at 5–6 & n.3, as explained above, the Court cannot accurately assess the Rule 4(f)(3) inquiry where Plaintiff has not initiated the formal service of process and provided status updates to the Court. *See, e.g.*, *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015) (authorizing alternative service after eight months where plaintiff "timely attempted service through the Hague Convention; has made multiple queries to the Chinese Central Authority; and has diligently kept the Court apprised of these efforts"), *abrogated on other grounds by Smart Study*, 164 F.4th 164. And delays and inconvenience alone are not sufficient for the Court to authorize an "end-run[]" around the Hague Convention's dictates. *Smart Study*, 164 F.4th at 171.

Therefore, the motion for alternative service as to the Colombia Defendants is denied without prejudice to renewal.

**Defendant Schrimpff**

Plaintiff also seeks to serve Martin Schrimpff via email and mail service.  According to Plaintiff's motion, Schrimpff is located either in Mexico or Spain.  ECF No. 16, at 1.  However, in Plaintiff's proposed order, it includes three email addresses for Schrimpff and two "known residential addresses"—one in Mexico, and one in Miami Beach, Florida.  ECF No. 16-4, at 2. Plaintiff does not explain what these two addresses are, how they learned about them, and whether these "residential addresses" qualify as Schrimpff's "dwelling or usual place of abode."  *See* Fed. R. Civ. P. 4(e)(2)(B).  If Schrimpff has a dwelling or usual place of abode in Florida, Plaintiff must serve him there, or at least explain to the Court why service on Schrimpff at that address would not be sufficient under Rule 4.  Similarly, Plaintiff also has not explained what efforts, if any, they have made to serve Schrimpff within the United States, or any efforts to investigate Schrimpff's location, within the United States or otherwise.  *See Kelly Toys*, 2022 WL 3701216, at *6 (finding plaintiff's efforts adequate for alternative service where counsel located multiple addresses online and then dispatched investigators to those locations).

Furthermore, as explained above, if Schrimpff does reside in either Mexico or Spain, because both of those countries are signatories to the Hague Convention, email service upon him would be squarely prohibited under the Second Circuit's decision in *Smart Study*.[3]  And if Schrimpff's address is unknown, thereby rendering the Hague Convention inapplicable, then Plaintiff must demonstrate that it undertook reasonably diligent efforts to discover his address.  *See Kelly Toys*, 2022 WL 3701216, at *6 (collecting cases); *see supra* at n.2.

---

[3] Regarding mail service, Spain does not object to Article 10(a), meaning that mail service via "postal channels" would be allowed on a Spanish defendant under the Hague Convention. *See supra* at n.1. However, Mexico *does* object to Article 10(a), meaning that, in the aftermath of *Smart Study*, both email and mail service is squarely prohibited for defendants located in Mexico. *See Fox Corp.*, 2026 WL 438878, at *6 ("Mexico, like China, has objected to the provisions to the Hague Convention that authorize service of process by 'postal channels.'").

Thus, the motion for alternative service as to Schrimpff is also denied without prejudice to renewal.

**Article 15 Provisional Service**

Notwithstanding the above, although not requested by Plaintiff, the Court will authorize provisional email service of the Complaint, summonses, preliminary injunction motion, and all supporting documents, under Article 15 of the Hague Convention upon the Foreign Defendants. "Even where the Hague Convention applies, Article 15 of the Hague Convention provides that, notwithstanding the other provisions, 'the judge may order, in cases of urgency, any provisional or protective measures,' which courts . . . have construed to permit service of process by email." *Quantum Mango, LLC v. Individuals, Corps., Ltd. Liab. Cos., P'ships, & Unincorporated Assocs. Identified on Schedule A*, No. 25-CV-7732 (JHR), 2025 WL 3215649, at *2 (S.D.N.Y. Nov. 18, 2025) (quoting Article 15 of the Hague Convention). Courts in this Circuit have used Article 15 to authorize service by email upon foreign defendants to provide them with notice of pending temporary restraining orders and preliminary injunctions. *See Overnight Blowout LLC v. Shenzhen Kairuijia E-Com. Co.*, No. 25-CV-6086 (LJL), 2025 WL 2381588, at *3 (S.D.N.Y. Aug. 13, 2025) ("Article 15 is instead better read to authorize relief such as temporary restraining orders or preliminary injunctions, which are quintessential 'provisional or protective measures.' Unlike alternative service, these measures are designed precisely for the purpose of providing interim relief."); *Fox Corp.*, 2026 WL 438878, at *11 (affirming service of temporary restraining order via email under Article 15 in the aftermath of *Smart Study*); *Foxmind*, 2026 WL 412645, at *2 n.3 (collecting cases). And furthermore, as the *Smart Study* court noted, that decision does not impact the ability of a judge to order alternative service pursuant to Article 15 for "provisional or protective measures." 164 F.4th at 167; *see Fox Corp.*, 2026 WL 438878, at *7.

Neither Colombia nor Spain have objected to Article 15 of the Hague Convention. *See* Convention Status Table (last column for "Reservations"). Mexico has objected to Article 15(2), but not Article 15(3), which is the subsection which allows a court outside Mexico "in a 'case of urgency,' to impose 'provisional or protective measures' against defendants located in Mexico, even where the Hague Convention's usual service requirements have not been satisfied." *Fox Corp.*, 2026 WL 438878, at *7 (quoting Article 15(3) of the Hague Convention); *see Declarations of the United Mexican States*, HCCH, https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=412&disp=resdn (last updated Mar. 21, 2024). Thus, the Court may exercise its authority under Article 15 of the Hague Convention to authorize email service upon the Foreign Defendants of the preliminary injunction documents.

Further, Plaintiff has demonstrated that the email addresses it provided for the Foreign Defendants are "reasonably calculated to give notice," as required by Rule 4(f), Rule 65, and the Due Process Clause. "[S]ervice by e-mail alone comports with due process where a plaintiff demonstrates that the email is likely to reach the defendant." *RHG & Co. v. Madison Ave Health Inc.*, No. 3:19-CV-990 (JBA), 2019 WL 13215662, at *2 (D. Conn. Aug. 20, 2019). All of these email addresses have been used by Plaintiff to actually communicate with the Foreign Defendants, and Plaintiff provided documentation of such emails. Meli Decl., ECF No. 16-2, ¶¶ 3–4. Further, the email addresses provided for El Sherif and Schrimpff were used for official judicial service in related foreign proceedings: El Sherif's Tangelo domain email address was used by a Colombian civil court for notice in an underlying dispute, and Schrimpff's Gmail address was used during insolvency proceedings in the Cayman Islands. *Id.* ¶ 5. This is more than sufficient for the Court to find that notice to these email addresses would be "reasonably calculated" to reach the Foreign

Defendants.  *See Grp. One Ltd. v. GTE GmbH*, 523 F. Supp. 3d 323, 345 (E.D.N.Y. 2021) (collecting cases).

**Conclusion**

For all the foregoing reasons, the Motion for Court-Ordered Service Upon the Foreign Defendants, ECF No. 16, is DENIED without prejudice to renewal.  However, the Court *sua sponte* authorizes Plaintiff to provide notice of the preliminary injunction motion, as specified in the Court's prior order, to the Foreign Defendants via the email addresses listed in Plaintiff's motion. *See* ECF No. 16-4; ECF No. 14 (directing Plaintiff to "serve the Complaint and its exhibits, Summonses, and all required documents listed in ECF No. 10, on all Defendants . . . as well as a copy of this Order and Plaintiff's Motion for Preliminary Injunction, together with all exhibits."). Plaintiff shall file proof of such service no later than **May 4, 2026**.

**SO ORDERED** at Bridgeport, Connecticut, this 29th day of April, 2026.

 */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE